# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

**In Re:**
**John P. Barden**

**Debtor(s).** **Case No.** ______________________

# CHAPTER 13 PLAN

☑ **Original** ☐ **Amended**
**Date:** **March 12, 2019**

IF THIS IS AN AMENDED PLAN, the reason for filing the Amended Plan is ____

## Part 1: Notices

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you **MUST** file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 3015.

**Under 11 U.S.C. § 1325(b)(1)(B), if an unsecured creditor objects to this plan, the Bankruptcy Court may not approve this plan unless the plan provides that all of the Debtor's[1] projected disposable income will be applied to make payments to unsecured creditors under the plan. Absent an objection, distribution of payments under this plan will be made pursuant to the order of distribution set forth in Section 2.6 below. This distribution scheme may result in the secured and priority claims being paid prior to your unsecured claim. To avoid this result, you MUST file an objection.**

**<u>The following matters may be of particular importance</u>. Debtor must check one box on each line to state whether or not the plan includes any of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| **1.1** | A limit on the amount of a secured claim, set out in Sections 3.2 and/or 3.3, which may result in a partial payment or no payment at all to the secured creditor | ☑ **Included** | ☐ **Not Included** |
| **1.2** | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ **Included** | ☑ **Not Included** |
| **1.3** | Nonstandard provisions, set out in Part 8 | ☐ **Included** | ☑ **Not Included** |
| **1.4** | Assumes and/or Rejects Unexpired Leases and Executory Contracts, set out in Part 6 | ☐ **Included** | ☑ **Not Included** |

**Debtor is eligible for a discharge pursuant to 11 U.S.C. § 1328(f).** *Check One*

☑ **Yes.**
☐ **No.** If this box is checked, the Debtor acknowledges that he/she is NOT eligible for a discharge because the Debtor received a discharge in a prior (*check one*)
- ☐ Chapter 7 , 11, or 12 case filled within four years of the date of the filing of the petition in this case; or
- ☐ Chapter 13 case filed within two years of the date of the filing of the petition in this case.

**To Domestic Support Obligation Claimants:** The Debtor will make payments for postpetition domestic support obligations, as that term is defined under 11 U.S.C. § 101(14A), commencing on the date of filing and continuing during the term of the plan. Pre-petition domestic support obligation arrears, if any, are addressed in Part 4. Below are the names of each individual entitled to receive domestic support obligation payments and the amount of such payments:

☑ None

| Name of Payee | Current Payment Amount |
|---|---|

## Part 2: Plan Payments, Length of Plan and Order of Distribution

[1] In a joint case, any reference to "Debtor' shall mean "Debtors."


Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**2.1 Debtor will make regular payments to the chapter 13 trustee ("Trustee") as follows:**

$**4,779.46** per month for **60** months;
*Insert additional lines if needed.*

**2.2 Regular payments to the Trustee will be made from future income in the following manner:** ***Check all that apply.***

- [ ] Debtor will make payments pursuant to a payroll deduction order.
- [x] Debtor will make payments directly to the Trustee.
- [ ] Other (specify method of payment): _____

**2.3 Income tax returns and refunds.**

**Debtor will provide the Trustee (1) with a copy of each income tax return filed during the plan term within 14 days of filing the return, and (2) will turn over to the Trustee all income tax refunds in excess of $1,500.00 received during the plan term. Debtor understands that failure to file tax returns during the term of the plan may constitute grounds for the dismissal or conversion of the case.**

**2.4 Additional payments.** ***Check one.***

- [x] **None.**

**2.5 The total amount of estimated payments to the trustee provided for in Sections 2.1, 2.3 and 2.4 is $286,767.60.**

**2.6 Order of Distribution of Plan Payments by the Trustee.** Subject to any alternate provision in Part 8, funds received by the Trustee for distribution to creditors under the plan, absent objection, shall be applied, after payment of applicable Trustee's fees, in the following order of distribution:

**First:** To pay any and all equal monthly payments required on allowed secured claims under Sections 3.2 and 3.3 and nonpriority unsecured claims under Section 5.2.
**Second:** To pay allowed administrative expenses, including attorney's fees under Section 4.3, *pro rata*, until paid in full.
**Third:** To pay allowed secured claims *pro rata* until paid in full under Sections 3.1, 3.4 and 3.6.
**Fourth:** To pay allowed priority claims *pro rata* until paid in full under Sections 4.4 and 4.5.
**Fifth:** To pay allowed unsecured claims *pro rata* under Part 5.

However, in the event the Debtor will make ongoing mortgage or lease installment payments through the plan under Section 3.1 or 6.1, those payments shall be made prior to payment to any other creditor and after payment of applicable Trustee's fees.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any, for claims secured by real or personal property.** ***Check one.***

- [ ] **None.**
- [x] The Debtor will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee or directly by the Debtor, as specified below. Creditors being paid directly by the Debtor under the plan shall continue to send customary payment coupons, statements, and notices to the Debtor. Such actions by the creditor shall not constitute or form the basis for finding a violation of the automatic stay. Any existing arrearage on a listed claim will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Fed. R. Bankr. P. 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below shall control. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Collateral | Current installment payment | Amount of arrearage | Interest rate on arrearage (if applicable) |
|---|---|---|---|---|
| **1819 Acquisitions LLC as assignee NBT** | **1799 Route 13 Cortland, NY 13045 Cortland County Commercial auto dealership. Property assessed for $80,000** | **$316.69**<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor | **$16,700.00** | |



Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

| Name of Creditor | Collateral | Current installment payment | Amount of arrearage | Interest rate on arrearage (if applicable) |
|---|---|---|---|---|
| Russell E. Ruthig and Linda J. Ruthig | 133 Groton Avenue Cortland, NY 13045 Cortland County | $1,425.67<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor | $12,000.00 | |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** ***Check one.***

☐ **None.**
**The remainder of this paragraph will be effective only if box 1.1 in Part 1 of this plan is checked "Included."**

☑ The Debtor requests that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor states that the value of the secured claim should be paid as set forth below in the column headed *Amount of secured claim (net value)*. For claims of governmental units, the value of a secured claim listed in a proof of claim filed in accordance with the Fed. R. Bankr. P. 3002(c) controls over any contrary amount listed below unless otherwise ordered by the court. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. *If the collateral is the Debtor's principal residence and the Debtor seeks to void a wholly unsecured junior mortgage lien, a separate affidavit providing evidence of value of the property and the amount of each senior lien against the property is to be filed and served upon the affected creditor. Upon confirmation of the plan, Debtor shall submit an order voiding the mortgage lien.*

Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph. The holder of any claim listed below as having value in the column headed *Amount of secured claim (net value)* will retain the lien on the property interest of the Debtor or the estate until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or
(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim (net value) | Interest rate | Equal Monthly payment to creditor | Pre-confirmation adequate protection payment |
|---|---|---|---|---|---|---|---|
| Cortland Count Tax Departme nt | 134 Groton Avenue Cortland, NY 13045 Cortland County Warranty Deed to Debtor dated December 31, 2009 | $30,000.00 | $0.00 | $3,800.00 | 7.00% | $100.68 | |
| Cortland Count Tax Departme nt | 23 Pendleton Street Cortland, NY 13045 Cortland County Bargain and Sale Deed to debtor February 4, 2010 | $61,100.00 | $0.00 | $6,500.00 | 7.00% | $172.21 | |


Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

| Name of creditor | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim (net value) | Interest rate | Equal Monthly payment to creditor | Pre-confirmation adequate protection payment |
|---|---|---|---|---|---|---|---|
| **Cortland Count Tax Departme nt** | **16 Owego Street Cortland, NY 13045 Cortland County Warranty Deed to client dated April 9, 2010** | **$30,000.00** | **$0.00** | **$3,400.00** | **7.00%** | **$90.08** | |
| **Cortland Count Tax Departme nt** | **50-52 Center Street Homer, NY 13077 Cortland County Executor's Deed to Debtor dated January 4, 2010** | **$113,500.00** | **$282.14** | **$19,000.00** | **7.00%** | **$503.37** | |
| **Cortland County Tax Collector** | **133 Groton Avenue Cortland, NY 13045 Cortland County** | **$117,600.00** | **$118,267.03** | **$13,000.00** | **7.00%** | **$344.41** | |
| **Internal Revenue Service** | **All debtor's real property in Cortland County** | **$0.00** | **$0.00** | **$80,635.88** | **0.00%** | **$1,875.25** | |
| **Kera Simmons** | **all properties listed in schedule A** | **$0.00** | **$0.00** | **$373.56** | **0.00%** | **$8.69** | |
| **Peter E. Testa and Theodore V. Testa** | **1 East Garfield Street Cortland, NY 13045 Cortland County Warranty Deed to client dated December 30, 2018** | **$103,000.00** | **$0.00** | **$0.00** | **0.00%** | **$0.00** | |
| **Seven Valley Realty** | **all properties listed in Schedule A** | **$113,500.00** | **$0.00** | **$282.14** | **0.00%** | **$6.56** | |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.** ***Check one.***

☑ **None**.
**If the interest rate stated below is not the contract rate, the remainder of this paragraph will be effective only if box 1.1 in Part 1 of this plan is checked "Included."**

☐ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or


Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Fed. R. Bankr. P. 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below shall control.

| Name of creditor | Collateral | Amount of claim | Interest rate | Equal Monthly payment to creditor | Pre-confirmation adequate protection payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

*Insert additional claims as needed.*

**3.4 Lien avoidance**. *Check one.*

☑ **None.**
The remainder of this paragraph will be effective only if box 1.2 in Part 1 of this plan is checked **"Included."**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the Debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon confirmation of the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See* 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 4003(d). If more than one lien is to be avoided, provide the information separately for each lien. *A separate affidavit providing evidence of value of the property and the amount of each additional lien against the property is to be filed and served upon the affected creditor(s). Upon confirmation of the plan, Debtor shall submit an order avoiding the lien(s).*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** | a. Amount of lien | -NONE- | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | | |
| | c. Value of claimed exemptions on Schedule C | | |
| **Collateral Description/Property Address** | d. Total of adding lines a, b, and c | | **Interest rate** (if applicable)<br>_____ % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor(s)' interest in property | | |
| | f. Subtract line e from line d | | |
| **Collateral owned**<br>solely<br>jointly<br>**Date Collateral acquired** | Extent of exemption impairment<br>*(Check applicable box):*<br>**Line f is equal to or greater than line a**<br>The entire lien is avoided *(Do not complete the next column.)*<br><br>**Line f is less than line a.**<br>A portion of the lien is avoided. *(Complete the next column.)* | | |

*If more than one lien is to be avoided, insert additional table(s) to provide the information separately for each lien.*

**3.5 Surrender of collateral.** ***Check one.***

☑ **None.**

☐ Debtor surrenders his or her interest in the following collateral in satisfaction of the secured portion of the creditor's allowed claim. Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § § 362(a) and 1301(a) be terminated as to the collateral. After the plan is confirmed, on request of a party in interest, the court shall promptly enter an order confirming that the stay under 11 U.S.C. § § 362(a) and 1301(a) is terminated as to the collateral. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| -NONE- | |


Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

*Insert additional claims as needed.*

**3.6 Secured claims to be paid in full.** ***Check one.***

- [x] **None.**
- [ ] **The claims listed below will be paid in full with interest at the rate stated. Unless otherwise ordered by the court, the amount listed on a proof of claim filed before the filing deadline under Fed. R. Bankr. P. 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below shall control.**

| Name of Creditor | Collateral | Amount of claim | Interest rate |
|---|---|---|---|
| -NONE- | | | |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims under 11 U.S.C. § 507, including domestic support obligations other than those treated in Section 4.5, will be paid in full based upon a timely filed proof of claim.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but will be no more than 10% of plan payments

**4.3 Attorney's fees for services rendered in connection with this bankruptcy case.**

Debtor's attorney shall be paid $**4,325.00**, of which $**1,075.00** was paid pre-petition and $**3,250.00** shall be paid as an allowed administrative claim as part of the plan.

**4.4 Priority claims other than attorney's fees and those treated in Section 4.5.** ***Check one.***

- [ ] **None**.
- [x] The creditors listed below hold priority claims other than attorney's fees and those treated in Section 4.5

| Name of creditor | Amount of claim | Basis for priority treatment |
|---|---|---|
| NYS Dept. of Taxation and Finance | $3,254.33 | sales tax |
| NYS Dept. of Taxation and Finance | $50.00 | sales tax |
| NYS Dept. of Taxation and Finance | $4,849.47 | sales tax |
| NYS Dept. of Taxation and Finance | $676.71 | personal income tax |

*Insert additional claims as needed.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** ***Check one.***

- [x] **None.**
- [ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). This plan provision requires that payments in Section 2.1 be for a term of 60 months. *See* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| -NONE- | |

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. The minimum amount to be paid to allowed nonpriority unsecured creditors under the plan shall be the greater of:

| | |
|---|---|
| Liquidation: | |
| Disposable Income (Line 45 x 60 months): | |
| Percentage Repayment: | **100.00%** |



Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** ***Check one.***

☑ **None.**
☐ The Debtor will maintain the current contractual installment payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the Trustee or directly by the Debtor, as specified below. Any existing arrearage amount will be paid in full through disbursements by the Trustee.

| Name of creditor | Current monthly installment payment | Amount of arrearage |
|---|---|---|
| -NONE- | Disbursed by:<br>Trustee<br>Debtor | |

*Insert additional claims as needed.*

**5.3 Other separately classified nonpriority unsecured claims.** ***Check one.***

☑ **None.**
☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Amount of claim | Percentage of claim to be paid |
|---|---|---|---|
| -NONE- | | | |

*Insert additional claims as needed.*

**Part 6: Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below will be treated as specified.** ***Check one.***

☑ **None.**
**The remainder of this paragraph will be effective only if box 1.4 in Part 1 of this plan is checked "Included."**
☐ Assumed and/or rejected items. For assumed contracts and unexpired leases, current installment payments will be disbursed either by the Trustee or directly by the Debtor, as specified below, subject to any contrary court order or rule.

| Name of creditor | Description of leased property or executory contract | Treatment of lease or executory contract | Current installment payment for assumed obligation | Amount of arrearage to be disbursed by Trustee for assumed obligation |
|---|---|---|---|---|
| -NONE- | | Assumed<br>Rejected | Disbursed by:<br>Trustee<br>Debtor(s) | |

*Insert additional contracts or leases as needed.*

**Part 7: Vesting of Property of the Estate**

**7.1 Property of the estate will vest in the Debtor upon completion of the plan.**

**Part 8: Nonstandard Plan Provisions**

**8.1 Check "None" or List Nonstandard Plan Provisions**

☑ **None.**

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form Plan or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.*

**The following plan provisions will be effective only if box 1.3 in Part 1 of this plan** is checked **"Included."**

**Part 9: Signature(s):**

**9.1 Signatures of Debtor and Debtor's Attorney**

The Debtor and attorney for the Debtor, if any, must sign below.



Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

| | |
|---|---|
| **/s/ John P. Barden**<br>**John P. Barden**<br>Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on **March 12, 2019** | Executed on |
| **/s/ Peter C Schaefer, Esq.**<br>**Peter C Schaefer, Esq. 510900 New York**<br>Signature of Attorney for Debtor(s) | Date **March 12, 2019** |

**By filing this document, the Debtor, if not represented by an attorney, or the attorney for Debtor certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 8.**


Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

United States Bankruptcy Court
Northern District of New York

In re:
John P. Barden
Debtor

Case No. 19-30284-mcr
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0206-5    User: dglas    Page 1 of 2    Date Rcvd: Mar 13, 2019
Form ID: pdf901    Total Noticed: 47

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 15, 2019.

db +John P. Barden, 50 Center Street, Homer, NY 13077-1520
aty Peter C. Schaefer, 313 E. Willow St., Suite 105, Syracuse, NY 13203-1905
tr +Mark W. Swimelar-Trustee, 250 South Clinton Street, Suite 203, Syracuse, NY 13202-1067
908990746 +1819 Acquisitions LLC as assignee NBT, c/o Riehlman Shafer & Shafer, 7693 Route 281, Box 544, Tully, NY 13159-2501
908990748 +Auto Plus, Acct No xxxxxx2399, 108 Townpark Drive NW, Kennesaw, GA 30144-5508
908990749 +Bank Of America, Acct No xxxxxxxxxxxx8499, 4909 Savarese Circle, Fl1-908-01-50, Tampa, FL 33634-2413
908990750 +Bert Adams Disposal Inc., Acct No xxxx4390, P.O. Box 549, Chenango Bridge, NY 13745-0549
908990751 +Burr & Reid, Acct No x5358, Po Box 2308, Binghamton, NY 13902-2308
908990753 +Burr & Reid, Acct No xxxxxx3250, Po Box 2308, Binghamton, NY 13902-2308
908990757 +Burr & Reid, Acct No xxxxxx4745, Po Box 2308, Binghamton, NY 13902-2308
908990756 +Burr & Reid, Acct No xxxxxx6640, Po Box 2308, Binghamton, NY 13902-2308
908990755 +Burr & Reid, Acct No xxxxxx6941, Po Box 2308, Binghamton, NY 13902-2308
908990754 +Burr & Reid, Acct No xxxxxx7532, Po Box 2308, Binghamton, NY 13902-2308
908990752 +Burr & Reid, Acct No xxxxxx8714, Po Box 2308, Binghamton, NY 13902-2308
908990759 +Cayuga Medical Center, Acct No xxxx2897, c/o CBCS, P.O. Box 2724, Columbus, OH 43216-2724
908990760 +Charter Communications/Time Warner, Acct No xxxxx4301, c/o ERC, P.O. Box 23870, Jacksonville, FL 32241-3870
908990761 +Cortland Count Tax Department, 60 Central Avenue, Cortland, NY 13045-2795
908990762 +Cortland County Tax Collector, 60 Central Avenue, Cortland, NY 13045-2795
908990763 +Cortland Regional Medical Center, Acct No xxx9553, P.O. Box 88087, Chicago, IL 60680-1087
908990764 +Coughlin & Gerhart LLP, 36 Main Street, P.O. Box 866, Cortland, NY 13045-0866
908990765 +Credit Control LLC Dba Credit Control, Acct No xxxxxxxxxxxx8499, P.O. Box 546, Hazelwood, MO 63042-0546
908990766 +Credit Management, LP, Acct No xxxx4241, Attn: Bankruptcy, Po Box 118288, Carrollton, TX 75011-8288
908990768 Emergency Care Servies of NY, P.C., PO Box 740021, Cincinnati, OH 45274-0021
908990773 +Manheim Client Care, Acct No xxx0783, P.O. >Box 105511, Atlanta, GA 30348-5511
908990779 +Pendrick CapitalParnters, Acct No xxxx9499, c/o Phoenix Financial Services LLC, P.O. Box 361450, Indianapolis, IN 46236-1450
908990780 +Peter E. Testa and Theodore V. Testa, 1187 Hillside Drive, Cortland, NY 13045-1046
908990781 +Phoenix Financial Services. Llc, Acct No xxxx3825, Attn: Bankruptcy, Po Box 361450, Indianapolis, IN 46236-1450
908990782 +Phoenix Financial Services. Llc, Acct No xxxx9499, Attn: Bankruptcy, Po Box 361450, Indianapolis, IN 46236-1450
908990783 +Prospect Hill Radiology Group PC, Acct No xxxxxxxxxxx8194, 3625 Quakerbridge Rd., Trenton, NJ 08619-1268
908990784 +Prospect Hill Radiology Group PC, P.O. Box 371863, Pittsburgh, PA 15250-7863
908990785 +Russell E. Ruthig and Linda J. Ruthig, 3600 Pendleton Street, Cortland, NY 13045-8811
908990790 +SUNY Upstate Medical University Hospital, Acct No xxxxx2651, 750 East Adams Street, Syracuse, NY 13210-2306
908990786 +Seven Valley Realty, 4287 Homer Avenue, Cortland, NY 13045-1078
908990787 St. Joseph’s Hospital Healt Center, Acct No xxxxxx8930, c/o NPAS Inc., P.O. Box 99440, Louisville, KY 40269
908990789 +St. Joseph’s Hospital Health Center, Acct No xxxxx9408, c/o NPAS Inc., P.O. Box 99400, Louisville, KY 40269-0400
908990788 +St. Joseph’s Hospital Health Center, Acct No xxxxx9876, c/o NPAS INc., P.O. Box 99400, Louisville, KY 40269-0400
908990792 +Upstate Univesity Medicine Inc., Acct No xxxxx2676, P.O. Box 4738, Syracuse, NY 13221-4738
908990793 +Violations Processing Center, Acct No xxxxxxxxxxxx-x0001, P.O. Box 15186, Albany, NY 12212-5186
908990794 +Virtual Radiologic Professionsl, Acct No xxxx3220, P.O. Box 88087, Chicago, IL 60680-1087

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

ust +E-mail/Text: ustpregion02.ut.ecf@usdoj.gov Mar 13 2019 20:22:04 U.S. Trustee, U.S. Trustee Office, 10 Broad Street,, Room 105, Utica, NY 13501-1258
908990747 +E-mail/Text: seinhorn@ars-llc.biz Mar 13 2019 20:22:22 Ability Recovery Service, Acct No xxxxxx36N1, Pob 4031, Wyoming, PA 18644-0031
908990758 +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 13 2019 20:24:45 Capital One, Acct No xxxxxxxxxxxx7310, Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285
908990767 +E-mail/Text: bankruptcy@superlativerm.com Mar 13 2019 20:22:27 Crown Asset Management/Santander Consume, Acct No xxxx1000, c/o Superlative RM, 9355 E. STockton Blvd, Ste. 210, Elk Grove, CA 95624-9528
908990769 +E-mail/Text: bknotice@ercbpo.com Mar 13 2019 20:22:11 ERC/Enhanced Recovery Corp, Acct No xxxxx2111, Attn: Bankruptcy, 8014 Bayberry Road, Jacksonville, FL 32256-7412
908990770 E-mail/Text: cio.bncmail@irs.gov Mar 13 2019 20:21:58 Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346
908990778 +E-mail/Text: nys.dtf.bncnotice@tax.ny.gov Mar 13 2019 20:22:23 NYS Dept. of Taxation and Finance, Bankruptcy Section, P.O. Box 5300, Albany, NY 12205-0300

District/off: 0206-5 User: dglas Page 2 of 2 Date Rcvd: Mar 13, 2019
Form ID: pdf901 Total Noticed: 47

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)
908990791 +E-mail/Text: DL-CSGBankruptcy@charter.com Mar 13 2019 20:22:19 Time Warner Cable, Acct No xxxxxx2302, c/o Credit Management, P.O. Box 118288, Carrollton, TX 75011-8288
TOTAL: 8

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
908990771 Joshua Meisch
908990774 Meridian Financial M, Acct No xxx0585
908990776 Meridian Financial M, Acct No xxx2601
908990777 Meridian Financial M, Acct No xxx3379
908990775 Meridian Financial M, Acct No xxx5221
908990772 ##+Kera Simmons, 52 Center Street, Homer, NY 13077-1520
TOTALS: 5, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 15, 2019 Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 12, 2019 at the address(es) listed below:
Peter C. Schaefer on behalf of Debtor John P. Barden schapc@aol.com
U.S. Trustee USTPRegion02.UT.ECF@usdoj.gov
TOTAL: 2