UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In Re:

JOHN P. BARDEN,

Debtor(s),

Chapter 13
Case No. 19-30284

---

**NANCY SUSSKIND'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 19**

Nancy Susskind (hereinafter "Claimant"), by and through her attorneys, Riehlman, Shafer & Shaw, LLC, for her response to debtor's objection to unsecured claim no. 19, states as follows:

1. The subject claim is for the unpaid balances due and owing, incident to an oral loan agreement partially performed by Debtor (hereinafter, "Barden"), the circumstances underlying said agreement being more particularly set forth as follows:

A. In late 2009, Barden and Claimant's husband, Roy M. Susskind, entered in to a venture for the acquisition, renovation, and sale of premises commonly known as 52 Center Street, Village of Homer, Cortland County, New York (herein, the "Premises"), wherein Susskind agreed to fund Barden's purchase of said premises, as well as the cost of materials and equipment to be utilized in the repair and renovation thereof, in exchange for Barden's agreement to reimburse Susskind for all said advances, and a split of profits realized, upon sale of the premises;

B. Susskind funded Barden's acquisition of the Premises in January of 2010, which said advances were secured by a separate note and mortgage contemporaneously recorded and, between January of 2010 and January of 2011, Susskind advanced additional sums to, or for the benefit of, Barden, for the materials and equipment utilized in the repair/improvement of the Premises;

C. Upon completion of the project, Barden decided to retain ownership of the Premises rather than market same for sale and, for purposes of compensating Susskind for the

additional investment advanced for the repair and improvement of the Premises, entered in to a cash out agreement wherein Barden agreed to repay Susskind the aggregate sum of $35,300.00, together with interest thereon at the rate of 7.50% per annum, until fully extinguished (herein, the "Agreement"). Payments thereunder were directed to be made to Claimant herein for purposes of sheltering income as part of the Susskind couple's estate plan established by their attorney, Russell M. Ruthig, Esq., of Cortland, New York;

D. Although the said Agreement was intended to be memorialized and secured by a note and mortgage prepared by Attorney Ruthig, he was subsequently unable to locate or produce the note and security instrument that he prepared and witnessed Barden signing in early 2011. As such, the Claimant was, and remains, unable to document said Agreement by means of producing the signed documents so memorializing the Agreement;

E. The absence of original memorializing documents notwithstanding, Claimant was and remains in possession of copies of a series of checks tendered by Barden to Claimant and/or her husband, Roy M. Susskind, conspicuously identifying the subject loan, between April of 2011 and October of 2013, thereby establishing Barden's partial performance under the terms of the subject Agreement. The aggregate of the payments so made by Barden in reduction of the amounts due Susskind per the terms of the Agreement totaled $13,386.35. It is and remains Claimant's contention that that the existence an oral agreement to repay a loan may be established by means of testimony of the parties. Alameldin v. Kings Castle Caterers, Inc., 53 A.D.3d 514 (2nd Dept. 2008). The agreement may be enforceable so long as its terms are clear and definite and the conduct of the parties evidences mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms. Kramer v. Greene, 142 A.D.3d 438 (1st Dept. 2016). In this instance, it is Claimant's contention that the documentary evidence, in particular the series of payment checks issued by Barden, clearly establish Debtor's knowledge of, and ascent to, the terms of the subject loan Agreement by means of partial repayment thereof, to the exclusion of any credible alternative explanation regarding Barden's conduct. Burnside v. Foglia, 208 A.D.2d 1085 (3rd Dept. 1994).

2. Claimant commenced an action against Barden in the Supreme Court of the State of New York in and for the County of Cortland on June 22, 2018, therein seeking recovery of the

unpaid amounts due and owing under the terms of the subject Agreement. The lawsuit, titled *Nancy Susskind, Plaintiff, against John P. Barden, Defendant*, was assigned Index No. 16-337 (herein, the "State Court Action"), and was thereafter assigned to the Hon. Jeffrey E. Tait, J.S.C. through the Court's IAS system.

3. A bench trial in the State Court Action was thereafter concluded before the Hon. Jeffrey E. Tait, J.S.C. in Cortland, New York, on December 12, 2018. The trial was attended by the undersigned on behalf of the Claimant, and Edward R. Purser, Esq., on behalf of Barden. At that time, testimony, under oath, was taken of John R. Barden, Roy M. Susskind, and Russell E. Ruthig, Esq., and the documentary proofs hereinabove referenced were identified, marked, and admitted into evidence. Justice Tait reserved decision on the merits upon completion of the bench trial as aforesaid.

4. As of commencement of the within Case on March 12, 2019, Justice Tait had not rendered a decision with respect to the completed State Court trial, and has advised that he will not render such decision by reason of the automatic stay imposed by Debtor's pending Chapter 13 bankruptcy case. Justice Tait has, however, indicated that he will render a timely decision on the concluded State Court trial when and if directed to do so by this Court.

5. By reason of the foregoing facts and circumstances, the Claimant, Nancy Susskind, respectfully requests an evidentiary hearing on the Debtor's motion objecting to the subject unsecured claim or, in the alternative, that the automatic stay herein be modified in such manner as to allow Justice Tait to render a final decision on the merits with respect to testimony and evidence proffered at the State Court trial of December 12, 2018, or such other and further inquiries as may appear appropriate to this Court.

Dated: July 2, 2019

Joel I. Ross
Riehlman, Shafer & Shaw, LLC
Bar Roll No. 505312
Attorney for Creditor
Nancy Susskind
7693 Route 281, P.O. Box 544
Tully, NY 13159
(315) 696-5238

TO: Peter C. Schaefer, Esq.
*Attorney for Debtor*
313 E. Willow Street
Suite 105
Syracuse, NY 13203-1905

John P. Barden
*Debtor*
50 Center Street
Homer, NY 13077

Mark W. Swimelar, Esq.
*Trustee*
250 South Clinton Street
Suite 203
Syracuse, NY 13202

Office of the U.S. Trustee
10 Broad Street, Room 105
Utica, NY 13501