UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:                                                          Case No. 19-30284

John P. Barden,                                                 Chapter 13

　　　　Debtor.

## MEMORANDUM-DECISION AND ORDER

Before the court is Debtor's Motion for Sanctions ("Motion" at Doc. 268) against the City of Cortland (the "City") for a violation of the automatic stay pursuant to 11 U.S.C. § 362(k) which requests that the court (1) find a violation of the automatic stay, (2) impose sanctions and monetary penalties, (3) award attorneys' fees, and (4) award the costs of the Motion. Debtor and the City filed a stipulation seeking to settle the Motion ("Settlement" at Doc. 277), which required court approval. Upon review, the court, *sua sponte,* scheduled a hearing to address the Motion and Settlement. For the reasons set forth below, the Motion and approval of the Settlement are DENIED.

## JURISDICTION AND VENUE

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1134. This matter is a core proceeding pursuant to 28 U.S.C § 157(b). Venue is proper pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

The facts relevant to the Motion are undisputed and were derived from the parties' submissions and the court's docket.[1] Debtor filed this Chapter 13 case on March 12, 2019 (the

---

[1] The documents relevant to the Motion include: the Proof of Claim ("POC" at Claims Register No. 20); Amended Chapter 13 Plan ("the Plan" at Doc. 106); Order Confirming Chapter 13 Plan (the "Confirmation Order" at Doc. 140); Debtor's Motion for Sanctions (the "Motion" at Doc. 268); Disclosure of Compensation of Attorney for Debtor ("Rule 2016(b) Statement" at Doc. 271); Stipulation (the "Settlement" at Doc. 277); Text Order ("Text Order" at Doc. 281); Declaration Pursuant to 28 U.S.C. § 1746 ("Debtor's Declaration" at Doc. 282); Declaration Pursuant to 28 U.S.C. § 1746 ("Attorney's Declaration" at Doc. 283); and Declaration Under 28 U.S.C. § 1746 by Attorney for Creditor in

"Filing Date"). The City timely filed a proof of claim in the amount of $73,721.82 (the "POC" at Claims Register No. 20). The POC covered Debtor's four properties in the City of Cortland, including 16 Owego Street, Cortland, New York (the "Property"). The POC included past due real estate taxes, a $5,000.00 Code Enforcement Receivable due on the Property (the "Code Receivable"), and penalties and interest.

After resolving various matters in the early stages of the case, Debtor filed the Plan dated December 10, 2019, and the Confirmation Order was subsequently entered. The Plan and Confirmation Order provided for full payment of the POC plus 12.00% interest, including the pre-petition Code Receivable at issue in the Motion.

Approximately two (2) years later, Debtor contacted the City and "made an inquiry from the City to determine the amount of taxes owed on 16 Owego Street." (Debtor's Declaration, p. 1 ¶ 9; Motion ¶ 19: "In order to pay the taxes on the various properties, the Debtor inquired of Cortland"). In response to Debtor's inquiry, the City provided information over the telephone and thereafter engaged in email communications with Debtor (collectively the "Communications"). (Debtor's Declaration p. 1 ¶ 9; Motion at Exhibit C). In the Communications, the City provided a breakdown of the amounts owed on Debtor's four (4) properties including the pre-petition Code Receivable. *Id.*[2] Debtor later accessed the City's online database (the "Database") to review the Property's balance due, which listed the Code Receivable and interest. (Motion at Exhibit E).

Five days later, Debtor filed the instant Motion. It was adjourned periodically with the parties' consent until the Settlement was filed. Under the Settlement terms, the City agreed to pay

---

Limited Response to Issues Raised at Hearing and Debtor's Subsequent Filling at ECF Nos. 282 & 283 with Respect to Motion at ECF No. 268 ("Limited Response" at Doc. 284).

[2] The Motion references four (4) prior Motions for Sanctions (the "Prior Sanction Motions" at Docs. 41, 94, 166, and 210) filed against the City for invoices sent by the City to Debtor to collect on pre-petition amounts due. The Prior Sanction Motions resulted in settlements between the parties that were approved by the court. Those settlements included releases in exchange for payments made by the City to Debtor. The court does not find the Prior Sanction Motions relevant to the current Motion.

2

Debtor $3,000.00 for the alleged stay violations, which would be disbursed to Debtor and his counsel in accordance with the Rule 2016(b) Statement. Pursuant to Text Order, the court scheduled a hearing to address the Settlement and the Motion for April 21, 2022 (the "April 21 Hearing") and allowed additional briefing by the parties. At the conclusion of oral argument at the April 21 Hearing, the matter was taken under submission.

## DISCUSSION

Bankruptcy Code[3] section 362(a) imposes a stay of, *inter alia,* any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the bankruptcy case. It provides "fundamental debtor protections" affording a necessary "breathing spell" from creditor collection activities. (H.R. Rep. 95-595, 95th Cong., 1st Sess. 340 (1977)). Recognizing the importance of the stay, section 362(k)(1) provides a remedy for an individual injured by any willful violation through a recovery of actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages. *In re Doris James,* Memorandum Decision and Order, Case No. 06-32197 (N.Y.N.B. July 09, 2007, Doc. 33).

The Second Circuit established a willful violation is "any deliberate act taken in violation of a stay, which the violator knows to be in existence." *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 (2d Cir. 1990). In the case at hand, it is undisputed the City had knowledge of the pending bankruptcy and deliberately sent the Communications to Debtor that included the pre-petition Code Receivable. The City also maintained the Database that listed the Code Receivable as an outstanding debt. The question remains whether those actions violated the stay.

---

[3] 11 U.S.C. §§101 – 1532 ("Bankruptcy Code" or "Code").

3

Upon a review of the circumstances and the Communications, the court finds neither the letter nor the spirit of the automatic stay was violated. At the outset, it is significant that Debtor initiated contact with the City and requested information, including invoice numbers. The City provided payment information pursuant to that request, and was not attempting to collect the pre-petition Code Receivable or any other amounts listed in the Communications. The substance of the Communications was informational only; there was no demand for payment; and no invoice was mailed to Debtor. The City's actions were not of the nature to coerce or harass Debtor. Instead, the City simply provided payoff figures for various properties about which Debtor had inquired. (Debtor's Declaration, p. 1 ¶ 9; Motion at Exhibit C). Accordingly, no stay violation occurred.

The City's online Database was likewise for informational purposes only. (Attorney's Declaration; Motion at Exhibit E). Debtor accessed the Database, which listed the Code Receivable of $5,000.00 plus interest as the total due, but it did not contain any payment demand or other collection language. (Debtor's Declaration p. 1 ¶ 9; Motion at Exhibit E). It is undisputed that the Code Receivable was not yet paid under the Plan and remained outstanding. (Hearing held PDF with attached audio on 5/5/2022, Doc. 285). Thus, the City's maintenance of that pre-petition debt in the public Database simply does not trigger a stay violation.

For this court to rule the contrary and find the Communications or the Database information to be section 362(a) violations would have unintended and potentially far-reaching consequences. It would chill routine and necessary communications between debtors and creditors, as any creditor would refuse to speak with a debtor during a pending bankruptcy for fear of being held liable for section 362(k) damages. Creditors would no

4

longer provide debtors with information on mortgages, car loans, real estate taxes or other debts given the potential risks, and all communications would need to go through debtors' counsel. While that may be the more prudent process, it would alter what has otherwise been common practice in the bankruptcy world. Moreover, municipal databases providing general real estate tax and other information would need to be shut down to avoid becoming the source of bankruptcy sanction motions throughout the country. Given those potential ramifications, the court cannot support such an outcome.

Although the analysis slightly differs, this result is consistent with the underlying principles examined in cases prosecuting potential discharge injunction violations as contempt under 11 U.S.C. § 105(a). In the case of *In re Morgan*, Chief Judge Diane Davis concluded that Pentagon Federal Credit Union ("PenFed") did not act to improperly coerce or harass the debtor into paying a pre-petition debt when it responded to the debtor's inquiry, informing the debtor that all delinquent account balances would need to be paid in full if the debtor wished to reinstate or activate a new checking account. *In re Morgan*, 578 B.R. 712 (Bankr. N.D.N.Y. 2017). In adopting the Third Circuit's reasoning in *Brown v. Pennsylvania State Employees Credit Union*, Judge Davis held that PenFed's statement of its policy that a discharged balance must be paid before restoring credit union membership did not equate to improper coercion or harassment. *Id.*, citing *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81 (3d Cir. 1988). Accordingly, no violation of the section 524(a)(2) injunction was found and contempt sanctions were not appropriate. *Id.* The court concurs with that decision and believes it is consistent with the outcome in this case.

5

## CONCLUSION

As result of the foregoing, the court concludes that the City's Communications with Debtor and maintenance of the public Database, including the pre-petition Code Receivable, do not constitute stay violations. The court denies the Motion and approval of the Settlement with prejudice.

So ordered.

Dated: May 26, 2022
       Syracuse, New York

*Wendy A. Kinsella*
Wendy A. Kinsella
United States Bankruptcy Judge